U.S.C.A. – 7th Circuit
RECEIVED
AUG 3 1 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JUSTIN GAVERY,
JOSEPH NOLAN,
PETER BERNEGGER,

Plaintiffs-Appellants,

v.

DOUGLAS HAAG,
TERRELL MARTIN,
PATRICIA RUIZ-CANTU,
KATHRYN Z. BLOCK,
CITY OF MILWAUKEE, and
PAULINA GUTIERREZ,

Defendants-Appellees.

District Court Case No.
2:25-cv-01970-WCG

Seventh Circuit Case No. 26-2723

---

PLAINTIFFS-APPELLANTS' DOCKETING STATEMENT

---

Plaintiffs-Appellants Justin Gavery, Joseph Nolan and Peter Bernegger, submit this Docketing Statement under Circuit Rule 3(c)(1), which requires the jurisdictional information specified in Circuit Rule 28(a).

## I. JURISDICTION OF THE DISTRICT COURT

This action was commenced in the Circuit Court for Waukesha County, Wisconsin, on November 24, 2025, as Case No. 2025CV002250. The complaint asserted claims under 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments to the United States

Constitution, over which state courts exercise concurrent jurisdiction. *Haywood v. Drown*, 556 U.S. 729, 731 (2009).

On December 15, 2025, Defendant Douglas Haag, then the sole defendant, removed the action to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1446, asserting original federal-question jurisdiction under 28 U.S.C. § 1331 because the complaint pleaded claims arising under 42 U.S.C. § 1983 and the United States Constitution. Dkt. No. 1. The operative pleading, the Second Amended Complaint (Dkt. No. 33), likewise pleaded jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (4).

On August 7, 2026, the district court held that Plaintiffs lack Article III standing and that the court therefore lacked subject-matter jurisdiction, and it dismissed the action without prejudice. Dkt. No. 46 at 11–12. Appellants disclose that ruling as required and preserve two positions with respect to it: (1) Plaintiffs adequately alleged Article III standing, so the district court possessed subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343; and (2) in the alternative, if subject-matter jurisdiction was absent, 28 U.S.C. § 1447(c) required the district court to remand this removed action to the Circuit Court for Waukesha County rather than dismiss it. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896–97 (7th Cir. 2018); *Thompson v. Army & Air Force Exchange Service*, 125 F.4th 831, 840 (7th Cir. 2025). Both questions are among the issues on appeal.

## II. JURISDICTION OF THE COURT OF APPEALS

The United States Court of Appeals for the Seventh Circuit has jurisdiction under 28 U.S.C. § 1291. On August 7, 2026, the district court entered its Decision and Order granting Defendants' motion to dismiss (Dkt. No. 46), and the Clerk entered a separate judgment under Federal Rule of Civil Procedure 58 dismissing the entire action: "Plaintiffs take nothing, and this

action is DISMISSED without prejudice for lack of standing." Dkt. No. 47. The judgment disposed of all claims of all parties and ended the litigation in the district court. A dismissal for lack of subject-matter jurisdiction is final and appealable notwithstanding the "without prejudice" designation. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

## III. TIMELINESS OF THE APPEAL

The judgment was entered on Friday, August 7, 2026. Dkt. No. 47. Under Federal Rule of Appellate Procedure 4(a)(1)(A), the notice of appeal was due within 30 days, on September 6, 2026. Because September 6, 2026 was a Sunday and Monday, September 7, 2026 was Labor Day, a legal holiday, the deadline extended to Tuesday, September 8, 2026. Fed. R. App. P. 26(a)(1)(C), 26(a)(6)(A).

Appellants filed their notice of appeal on or about August 17th, 2026. The notice is timely because it was filed on or before September 8, 2026.

## IV. POST-JUDGMENT MOTIONS

No motion listed in Federal Rule of Appellate Procedure 4(a)(4)(A) has been filed.

## V. RELATED PROCEEDINGS

This action originated as *Kuglitsch et al. v. Haag*, Waukesha County Circuit Court Case No. 2025CV002250. Following removal, the circuit court entered an order on December 17, 2025 dismissing that case without prejudice and providing that it "may be reopened upon notice that ... the case has been remanded to the circuit court." Whether this action must be remanded to that court under 28 U.S.C. § 1447(c) is an issue on appeal. There are no prior appeals in this case, and Appellants are aware of no other related proceeding within the meaning of Circuit Rule 28(a).

## VI. PARTIES AND COUNSEL

Plaintiffs-Appellants are three natural persons Justin Gavery, Joseph Nolan and Peter Bernegger. Defendants-Appellees are the City of Milwaukee; Douglas Haag, Terrell Martin, and Patricia Ruiz-Cantu, Commissioners of the Milwaukee Election Commission; Paulina Gutierrez, Executive Director of the Milwaukee Election Commission; and Kathryn Z. Block, Assistant City Attorney. Defendants-Appellees have been represented in the district court by the Office of the Milwaukee City Attorney (Evan C. Goyke, City Attorney; Assistant City Attorneys Tyler M. Helsel, Jordan M. Schettle, and Clint B. Muche), 200 East Wells Street, Room 800, Milwaukee, WI 53202.

Dated this 19 day of September, 2026.

Peter Bernegger, Plaintiff-Appellant
1806 Brynnwood Trace
New London, WI 54961
Phone: 920-551-0510
Email: pmbmap123@gmail.com

Justin Gavery, Plaintiff-Appellant
730 N. Plankinton Ave 7b
Milwaukee, WI 53202
Phone: 408-858-4527
Email: justin_gavery@yahoo.com

Joseph Nolan, Plaintiff-Appellant
2909 South 52nd Street
Milwaukee, WI 53219
Phone: 414-639-0736
Email: Jnolan5@wi.rr.com

## VI. PARTIES AND COUNSEL

Plaintiffs-Appellants are three natural persons Justin Gavery, Joseph Nolan and Peter Bernegger. Defendants-Appellees are the City of Milwaukee; Douglas Haag, Terrell Martin, and Patricia Ruiz-Cantu, Commissioners of the Milwaukee Election Commission; Paulina Gutierrez, Executive Director of the Milwaukee Election Commission; and Kathryn Z. Block, Assistant City Attorney. Defendants-Appellees have been represented in the district court by the Office of the Milwaukee City Attorney (Evan C. Goyke, City Attorney; Assistant City Attorneys Tyler M. Helsel, Jordan M. Schettle, and Clint B. Muche), 200 East Wells Street, Room 800, Milwaukee, WI 53202.

Dated this 18 day of September, 2026.


Peter Bernegger, Plaintiff-Appellant
1806 Brynnwood Trace
New London, WI 54961
Phone: 920-551-0510
Email: pmbmap123@gmail.com

Justin Gavery, Plaintiff-Appellant
730 N. Plankinton Ave 7b
Milwaukee, WI 53202
Phone: 408-858-4527
Email: justin_gavery@yahoo.com

Joseph Nolan, Plaintiff-Appellant
2909 South 52nd Street
Milwaukee, WI 53219
Phone: 414-639-0736
Email: Jnolan5@wi.rr.com

CERTIFICATE OF SERVICE

I certify that on September 19, 2026, I filed the foregoing Docketing Statement with the Clerk of the United States District Court for the Eastern District of Wisconsin together with Plaintiffs' Notice of Appeal, and served a copy on all parties by ECF electronically filed:

Clint B. Muche, Assistant City Attorney
Office of the Milwaukee City Attorney
200 East Wells Street, Room 800
Milwaukee, WI 53202
tyhels@milwaukee.gov | jschet@milwaukee.gov

Peter Bernegger Plaintiff-Appellant