No. 26-2723

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

JUSTIN GAVERY, JOSEPH NOLAN, and PETER BERNEGGER,
Plaintiffs-Appellants,

v.

DOUGLAS HAAG, TERRELL MARTIN, PATRICIA RUIZ-CANTU,
KATHRYN Z. BLOCK, CITY OF MILWAUKEE, and PAULINA GUTIERREZ,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Wisconsin
Case No. 2:25-cv-01970-WCG
The Honorable William C. Griesbach

U.S.C.A. — 7th Circuit
RECEIVED
SEP 04 2026

**BRIEF OF PLAINTIFFS-APPELLANTS**

Joseph Nolan | 2909 South 52nd Street | Milwaukee, WI 53219 | 414-639-0736 | Jnolan5@wi.rr.com

Justin Gavery | 730 North Plankinton Avenue, Unit C4 | Milwaukee, WI 53203 | 408-858-4527 | justin_gavery@yahoo.com

Peter Bernegger | 1806 Brynnwood Trace | New London, WI 54961 | 920-551-0510 | pmbmap123@gmail.com

## DISCLOSURE STATEMENT

Under Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1, Appellants Peter Bernegger, Justin Gavery, and Joseph Nolan state that they are natural persons proceeding pro se. No Appellant is a corporation, and no publicly held corporation has a financial interest in the outcome of this appeal.

## TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ..... 1
ISSUE PRESENTED FOR REVIEW ..... 2
STATEMENT OF THE CASE ..... 2
STANDARD OF REVIEW ..... 4
SUMMARY OF ARGUMENT ..... 4
ARGUMENT ..... 5
I. Section 1447(c)'s text made remand mandatory ..... 5
II. Collier supplies the governing remedial rule, and Thompson confirms it ..... 7
III. The amendment history does not authorize dismissal ..... 8
IV. Remand is not futile and decides no merits question ..... 10
V. The dismissal order and judgment should both be vacated ..... 11
CONCLUSION ..... 12
CERTIFICATE OF COMPLIANCE ..... 12
CIRCUIT RULE 30(d) STATEMENT ..... 13
CERTIFICATE OF SERVICE ..... 14

## TABLE OF AUTHORITIES

### Cases

*Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006) ........................................................6
*ASARCO Inc. v. Kadish, 490 U.S. 605 (1989)*........................................................10
*Boone v. Illinois Department of Corrections, Nos. 23-2630 & 23-2727 (7th Cir. Nov. 12, 2024) (nonprecedential)*........................................................................9
*Carter v. Buesgen, 10 F.4th 715 (7th Cir. 2021)*.........................................................1
*Collier v. SP Plus Corp., 889 F.3d 894 (7th Cir. 2018)*...........................2, 4, 6–10, 12
*Frederiksen v. City of Lockport*, 384 F.3d 437 (7th Cir. 2004)..................................11
*Hain Celestial Group, Inc. v. Palmquist, 607 U.S. ___, 146 S. Ct. 724 (2026)*......9–10
*Haywood v. Drown, 556 U.S. 729 (2009)* 10

*Howlett v. Rose, 496 U.S. 356 (1990)*.......................................................................10
*International Primate Protection League v. Administrators of Tulane Educational Fund, 500 U.S. 72 (1991)*...............................................................................................6
*Kircher v. Putnam Funds Trust, 547 U.S. 633 (2006)*...............................................10
*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998)* 5, 11

*Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 145 S. Ct. 41 (2025)*.........6, 9
*Summers v. Earth Island Institute*, 555 U.S. 488 (2009) ..........................................6
*Thompson v. Army & Air Force Exchange Service, 125 F.4th 831 (7th Cir. 2025)*2, 4–8, 10, 12
*United States v. Cotton*, 535 U.S. 625 (2002) ...........................................................6

### Statutes

28 U.S.C. § 1291 ........................................................................................1
28 U.S.C. § 1331 ........................................................................................1
28 U.S.C. § 1367 ........................................................................................9
28 U.S.C. § 1407(a)....................................................................................5
28 U.S.C. § 1441(a)..................................................................1, 4, 7–8
28 U.S.C. § 1446 ........................................................................................1
28 U.S.C. § 1447(c) ...........................................................................passim
28 U.S.C. § 1447(d)....................................................................................1
28 U.S.C. § 2106 ...................................................................................2, 12
42 U.S.C. § 1983 ........................................................................1, 3, 5, 10

### Rules

Fed. R. App. P. 26.1......................................................................................i

Fed. R. App. P. 4(a)(1)(A) .......... 2
Fed. R. App. P. 32 .......... 12
7th Cir. R. 26.1 .......... i
7th Cir. R. 30 .......... 13
7th Cir. R. 32 .......... 12
Fed. R. Civ. P. 12(b)(6) .......... 3

## JURISDICTIONAL STATEMENT

1. This action began in the Circuit Court for Waukesha County, Wisconsin, Case No. 2025CV002250. R.1-2 at 4. Defendant Douglas Haag, the only defendant then named, removed it to the United States District Court for the Eastern District of Wisconsin on December 15, 2025. Haag's notice invoked 28 U.S.C. § 1446 and asserted federal-question jurisdiction under 28 U.S.C. § 1331 because the state complaint pleaded claims under 42 U.S.C. § 1983 and the First and Fourteenth Amendments. R.1 at 1–2. Section 1441(a) supplied the substantive removal authority, and § 1446 supplied the procedure.

2. On August 7, 2026, the district court held that Plaintiffs lacked Article III standing. It expressly stated: "When a plaintiff lacks standing, a federal court lacks jurisdiction." R.46 at 7. It then granted the motion to dismiss, dismissed all claims without prejudice for lack of standing, and directed entry of judgment. Id. at 12. The clerk entered a separate judgment the same day stating that Plaintiffs "take nothing" and that the action was dismissed without prejudice for lack of standing. R.47 at 1.

3. This Court has appellate jurisdiction under 28 U.S.C. § 1291. The judgment ended the entire federal action, left no claim or party pending, and granted no leave to amend. It is therefore final despite the words "without prejudice." *Carter v. Buesgen*, 10 F.4th 715 (7th Cir. 2021); see id. at 724 (Easterbrook, J., concurring) ("more often 'without prejudice' means 'you should be in some other tribunal.' Then the decision in the district court is final and appealable . . . ."). Section 1447(d) does not bar review because the district court dismissed the action; it did not enter a

remand order. *Collier v. SP Plus Corp.*, 889 F.3d 894, 895–97 (7th Cir. 2018); *Thompson v. Army & Air Force Exchange Service*, 125 F.4th 831, 832–34, 837 (7th Cir. 2025). This Court may vacate the dismissal order and judgment and direct the required remand under 28 U.S.C. § 2106.

4. The judgment was entered on August 7, 2026. R.47 at 1. Appellants filed their joint notice of appeal on August 21, 2026, at R.48 [CONFIRM RECORD NUMBER]. The appeal was docketed in this Court as No. 26-2723 on August 21, 2026. The notice was timely under Federal Rule of Appellate Procedure 4(a)(1)(A).

## ISSUE PRESENTED FOR REVIEW

5. After this state-filed action was removed, and the district court held that every Plaintiff lacked Article III standing and that federal jurisdiction was therefore absent, did 28 U.S.C. § 1447(c) require remand rather than dismissal?

6. Scope of appeal. Appellants do not challenge the district court's Article III determination in this appeal. They assume that determination solely as the jurisdictional predicate triggering § 1447(c) and seek no ruling on its correctness or on standing under Wisconsin law. The sole issue is whether dismissal was permissible after the district court found federal jurisdiction absent.

## STATEMENT OF THE CASE

### A. The state-filed action was removed and later amended

7. The original complaint was filed in Waukesha County Circuit Court on November 24, 2025. R.1-2 at 4. It named Annette Kuglitsch and Peter Bernegger as plaintiffs and Douglas Haag as the sole defendant, and it pleaded federal constitutional claims

under § 1983. R.1-2 at 4, 14–18. Haag removed on December 15, 2025, asserting federal-question jurisdiction. R.1 at 1–2.

8. After amendment practice, the district court granted leave to file the Second Amended Complaint. R.32 at 2–3. The court directed the clerk to file that pleading and explained that an amended pleading becomes controlling. Id. at 3. The operative pleading names Peter Bernegger, Justin Gavery, and Joseph Nolan as Plaintiffs and Douglas Haag, Terrell Martin, Patricia Ruiz-Cantu, Kathryn Z. Block, the City of Milwaukee, and Paulina Gutierrez as Defendants. R.33 at 1.

**B. The district court found no Article III jurisdiction but dismissed the action**

9. A motion to dismiss the Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) followed. R.34 at 1, 4. After briefing, the district court addressed Article III standing as a threshold question. R.46 at 6–7. The order held that Plaintiffs lacked standing on the underlying due-process, retaliation, and equal-protection theories and declined to address qualified immunity, Monell liability, or conspiracy. Id. at 12.

10. Defendants expressly challenged Article III standing, including Bernegger's asserted injury, and Plaintiffs responded. R.40 at 4–5, 11, 13; R.45 at 5–7. The issue presented here is the legal disposition required after the district court accepted that jurisdictional challenge. R.46 at 6–7, 12.

11. The order then granted the motion, dismissed all claims without prejudice for lack of standing, and directed the clerk to enter judgment. Id. The separate judgment

implemented that dismissal and terminated the action. R.47 at 1. The district court did not remand the case or address the mandatory disposition prescribed by § 1447(c).

## STANDARD OF REVIEW

12. This Court reviews de novo both a dismissal for lack of subject-matter jurisdiction and the legal question whether a removed action had to be remanded. *Thompson*, 125 F.4th at 833.

## SUMMARY OF ARGUMENT

13. This appeal concerns disposition only. Section 1447(c) commands that when subject-matter jurisdiction is absent before final judgment, "the case shall be remanded." The district court supplied that statutory predicate when it held that every Plaintiff lacked Article III standing and that a federal court therefore lacked jurisdiction. R.46 at 7, 12.

14. *Collier* applies § 1447(c) to ordinary federal-question removal under § 1441, and *Thompson* confirms that the command governs removed actions generally. Both decisions vacated jurisdictional dismissals and directed the district court to return the actions to state court. Describing this dismissal as "without prejudice" does not convert it into the remand Congress required.

15. The amendment history supplies no exception to § 1447(c). The district court made the Second Amended Complaint controlling and then held that no Plaintiff had Article III standing under that pleading. R.32 at 3; R.46 at 7–12. Bernegger remained a plaintiff, Haag remained a defendant, and the state-filed constitutional controversy remained part of the operative action. R.1-2 at 14–18; R.33 at 1; R.46 at 1–2. *Royal*

*Canin U.S.A., Inc. v. Wullschleger* confirms only that jurisdiction is not invariably frozen at removal and that an amended pleading can change the jurisdictional analysis. 604 U.S. 22, 145 S. Ct. 41, 52–55 (2025).

16. Remand expresses no view about Article III standing, Wisconsin standing, or the merits. State courts are not constrained by Article III and possess concurrent jurisdiction over § 1983 claims. The proper judgment is therefore to vacate R.46 and R.47 and direct the district court to remand the action to the Circuit Court for Waukesha County.

## ARGUMENT

### I. Section 1447(c)'s text made remand mandatory

17. Section 1447(c) provides:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

18. Each statutory condition was satisfied. This action was removed from state court. R.1 at 1–2. Before entering final judgment, the district court stated that lack of standing meant lack of federal jurisdiction. R.46 at 7. It then dismissed every claim for lack of standing. Id. at 12. The statute says that in those circumstances "the case shall be remanded," not that the court may choose between remand and dismissal.

19. The word "shall" is mandatory. *Thompson*, 125 F.4th at 835 ("'Shall' connotes a requirement."). That reading is settled. Construing a parallel command, 28 U.S.C. § 1407(a)'s instruction that each transferred case "shall be remanded," the Supreme Court held that "the mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523

U.S. 26, 35 (1998). The Supreme Court likewise noted "the literal words of § 1447(c), which, on their face, give . . . no discretion to dismiss rather than remand an action." *International Primate Protection League v. Administrators of Tulane Educational Fund,* 500 U.S. 72, 89 (1991). More recently, the Court explained that "federal courts are courts of limited jurisdiction: When they do not have (or no longer have) authorization to resolve a suit, they must hand it over." *Royal Canin*, 145 S. Ct. at 48.

20. The label "without prejudice" cannot cure the error. That label concerns the potential preclusive effect of a dismissal; § 1447(c) controls the forum and the disposition of a removed case once jurisdiction is absent. *Thompson* reversed a jurisdictional dismissal and required remand. 125 F.4th at 837. *Collier* did the same. 889 F.3d at 897. The same statutory result follows here.

21. Nothing in the course of proceedings below forfeited that command. Unlike the plaintiffs in *Collier* and *Thompson*, Appellants did not move to remand; they maintained that jurisdiction existed and defended their standing. That difference is immaterial. Section 1447(c) is addressed to the court, and the duty to police subject-matter jurisdiction belongs to the court itself, which "has an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties." *Summers v. Earth Island Institute*, 555 U.S. 488, 499 (2009). The district court invoked precisely that obligation when it took up standing on its own. R.46 at 6–7. And because subject-matter jurisdiction "involves a court's power to hear a case," it "can never be forfeited or waived." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). A party's unsuccessful

defense of jurisdiction cannot ratify a disposition the statute forbids. Once the district court concluded that jurisdiction was absent, § 1447(c) fixed the disposition, without regard to what any party had requested.

**II. Collier supplies the governing remedial rule, and Thompson confirms it**

22. *Collier* presented the same dispositive sequence. The plaintiffs filed a federal statutory claim in state court; the defendant removed under § 1441; the federal court held that the plaintiffs lacked Article III standing; and the court dismissed instead of remanding. 889 F.3d at 895–96. The Seventh Circuit held that the dismissal could not stand: "[T]he case was not removable, because the plaintiffs lack Article III standing - negating federal subject-matter jurisdiction. Accordingly, we vacate the judgment and remand for the district court to return the case to state court." *Id.* at 895.

23. *Collier* rejected the idea that a federal question alone permitted the federal court to retain and dismiss the case. The removing party bears the burden: "As the party invoking federal jurisdiction, SP Plus had to establish that all elements of jurisdiction - including Article III standing - existed at the time of removal." *Id.* at 896. And "federal courts have subject-matter jurisdiction only if constitutional standing requirements also are satisfied." *Id.* Section 1447(c), the court explained, "makes clear that the district court must remand the case to state court if 'at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Id.* Because the complaint did not satisfy Article III, "§ 1447(c) required the district court to remand this case to state court." *Id.* at 897. The disposition was explicit: "We

VACATE the judgment and REMAND with instructions to return the action to state court." *Id.* at 897.

24. The same rule controls here. Haag removed a state-filed action on federal-question grounds. R.1 at 1–2. The district court then held that no Plaintiff had the Article III injury necessary for federal jurisdiction and dismissed the entire case. R.46 at 7, 12. *Collier* fixes the proper disposition: vacatur and remand.

25. *Thompson* removes any doubt about the scope of that rule. There, a federal agency removed under § 1442(a)(1). Both parties agreed that Article III standing was absent; the plaintiff sought remand; and the district court instead dismissed for lack of subject-matter jurisdiction. 125 F.4th at 832–33. The Seventh Circuit vacated and directed remand. Id. at 833, 837.

26. Although *Thompson* involved a different removal provision, the court held that "[n]othing on the face of § 1447(c) limits its application to cases removed under a specific removal provision." Id. at 835. The court then stated the rule applicable here: "once the district court determined it lacked jurisdiction, it was required to remand the case to state court." Id. at 837. Thus *Collier* supplies the direct § 1441 precedent, and *Thompson* confirms the mandatory remedial rule.

**III. The amendment history does not authorize dismissal**

27. The pleadings changed after removal, but the text of § 1447(c) already addresses that timing: remand is mandatory if jurisdiction is absent "at any time before final judgment." The district court held that the Second Amended Complaint became the controlling pleading. R.32 at 3. It then assessed that operative pleading, held that

Plaintiffs lacked standing on the underlying constitutional theories, and dismissed the entire action for lack of standing. R.46 at 7–12.

28. *Royal Canin* held that when a post-removal amendment deleted the federal claims supporting removal, the district court lost supplemental jurisdiction under § 1367 over the remaining state-law claims and had to remand. 145 S. Ct. at 44, 47–48. It did not decide Article III standing or the treatment of claims or parties first added in federal court. Appellants rely on it only for the narrower proposition that jurisdiction is not invariably frozen at removal and that the operative amended pleading can change the jurisdictional analysis. *Id.* at 52–55.

29. If Article III jurisdiction was absent at removal, *Collier* required remand. If jurisdiction became absent only under the controlling Second Amended Complaint, § 1447(c)'s words "at any time" governed once the district court made that determination. Because Bernegger, Haag, and the state-filed constitutional controversy persisted, the superseded complaint could not support a federal dismissal of the operative action. R.1-2 at 14–18; R.32 at 2–3; R.46 at 1–2, 7–12.

30. *Boone v. Illinois Department of Corrections* does not control the whole action. In that nonprecedential order, the standing-deficient claims at issue were added only after removal and "were never brought in state court in the first place." Nos. 23-2630 & 23-2727, slip op. at 4 (7th Cir. Nov. 12, 2024). Here, Bernegger, Haag, and the original state-filed constitutional claims remain. *Hain Celestial Group, Inc. v. Palmquist* likewise reserved the treatment of a party added after proper removal. 607 U.S. ___, 146 S. Ct. 724, 733 n.5 (2026). If this Court concludes that claims or parties

first added after removal require different treatment, it should at minimum vacate the dismissal of the original Bernegger–Haag claims and direct their remand.

**IV. Remand is not futile and decides no merits question**

31. *Thompson* reserved whether dismissal might ever be permissible when federal law would make remand futile. 125 F.4th at 837 n.4 ("We take no position on whether a district court may dismiss, rather than remand, when federal law would render remand futile."). That reservation does not apply here. The defect identified by the district court was Article III standing, and "the constraints of Article III do not apply to state courts." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989). State courts also have concurrent jurisdiction over § 1983 claims. *Haywood v. Drown*, 556 U.S. 729, 731 (2009) ("[S]tate as well as federal courts have jurisdiction over suits brought pursuant to 42 U.S.C. § 1983."); *Howlett v. Rose*, 496 U.S. 356 (1990). No federal rule makes the Wisconsin forum categorically unable to hear this action.

32. Remand therefore decides neither standing under Wisconsin law nor any claim or defense. *Collier* explained that a state's standing doctrine is "the business" of its own courts and that a federal court has no basis to direct how the plaintiffs must plead after remand. 889 F.3d at 897. Likewise, a remanding federal court's jurisdictional reasoning does not bind the state court: "it is only the forum designation that is conclusive," and the state court "is perfectly free to reject the remanding court's reasoning." *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 647–48 (2006).

33. That limited consequence is precisely why a remand-only appeal is appropriate. No merits ruling is requested. The Court must, of course, "satisfy itself" of the

district court's jurisdiction. Hain Celestial, 146 S. Ct. at 730. If it accepts the district court's Article III conclusion, it can resolve the disposition without examining the underlying election submissions, hearing transcript, or elements of any constitutional claim. And if the jurisdictional defect remained uncured, "the judgment must be vacated." Id. at 731–32.

**V. The dismissal order and judgment should both be vacated**

34. R.46 contains the operative dismissal: it grants the motion to dismiss, dismisses all claims without prejudice for lack of standing, and directs entry of judgment. R.46 at 12. R.47 implements that order by adjudging that Plaintiffs take nothing and dismissing the action without prejudice for lack of standing. R.47 at 1. Vacating only one would leave unnecessary ambiguity about the federal disposition.

35. The Judgment's recital that Plaintiffs "take nothing" compounds the error. That is the language of a merits adjudication, yet it sits inside a dismissal entered for lack of standing, and the two cannot coexist: "A suit dismissed for lack of jurisdiction cannot also be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) ("'No jurisdiction' and 'with prejudice' are mutually exclusive."). A court that had just declared itself without jurisdiction had no power to adjudge that Plaintiffs take nothing. The only disposition open to it was the remand § 1447(c) commands.

36. Nor can the error be excused as harmless on the theory that Appellants remain free to refile in state court. In *Lexecon*, the Supreme Court reversed a judgment

entered after a completed jury trial because a mandatory statutory remand command had been defied, explaining that to render relief discretionary "would be to allow uncorrected defiance of a categorical congressional judgment to become its own justification." 523 U.S. at 42. A dismissal in the teeth of § 1447(c)'s identical "shall be remanded" command stands on no better footing, and Appellants ask for far less than a new trial: only that the case be sent where the statute has always directed it.

37. Under 28 U.S.C. § 2106 and the dispositions in *Collier* and *Thompson*, the Court should vacate the dismissal disposition in the Decision and Order at R.46, including the portions granting the motion, dismissing all claims for lack of standing, and directing entry of judgment, vacate the Judgment at R.47, and remand with instructions that the district court remand this action to the Circuit Court for Waukesha County, Wisconsin, Case No. 2025CV002250, under § 1447(c).

## CONCLUSION

38. The Court should vacate the dismissal disposition in the Decision and Order at R.46, vacate the Judgment at R.47, and remand with instructions that the district court return this action to the Circuit Court for Waukesha County under 28 U.S.C. § 1447(c). At minimum, it should vacate and remand the original state-filed Bernegger–Haag claims.

Dated September 1st, 2026.

Peter Bernegger, Plaintiff-Appellant
1806 Brynnwood Trace
New London, WI 54961
Phone: 920-551-0510
Email: pmbmap123@gmail.com

Justin Gavery, Plaintiff-Appellant
730 N. Plankinton Ave 7b
Milwaukee, WI 53202
Phone: 408-858-4527
Email: justin_gavery@yahoo.com

Joseph Nolan, Plaintiff-Appellant
2909 South 52nd Street
Milwaukee, WI 53219
Phone: 414-639-0736
Email: Jnolan5@wi.rr.com

Dated September 1st, 2026.

Peter Bernegger, Plaintiff-Appellant
1806 Brynnwood Trace
New London, WI 54961
Phone: 920-551-0510
Email: pmbmap123@gmail.com

Justin Gavery, Plaintiff-Appellant
730 N. Plankinton Ave 7b
Milwaukee, WI 53202
Phone: 408-858-4527
Email: justin_gavery@yahoo.com

Joseph Nolan, Plaintiff-Appellant
2909 South 52nd Street
Milwaukee, WI 53219
Phone: 414-639-0736
Email: Jnolan5@wi.rr.com

district court return this action to the Circuit Court for Waukesha County under 28 U.S.C. § 1447(c). At minimum, it should vacate and remand the original state-filed Bernegger–Haag claims.

## CERTIFICATE OF COMPLIANCE

This brief complies with Circuit Rule 32(c) because it contains 3,984 words, excluding material exempted by Federal Rule of Appellate Procedure 32(f). It uses proportionally spaced 12-point Century Schoolbook type and contains no footnotes.

Signature: ______________________ Date: ____________

Joseph Nolan
2909 South 52nd Street, Milwaukee, WI 53219
414-639-0736 | Jnolan5@wi.rr.com

Signature: Justin Gavery Date: 09-03-2026

Justin Gavery
730 North Plankinton Avenue, Unit C4, Milwaukee, WI 53203
408-858-4527 | justin_gavery@yahoo.com

Signature: ______________________ Date: 09-03-26

Peter Bernegger
1806 Brynnwood Trace, New London, WI 54961
920-551-0510 | pmbmap123@gmail.com

## CERTIFICATE OF COMPLIANCE

This brief complies with Circuit Rule 32(c) because it contains 3,984 words, excluding material exempted by Federal Rule of Appellate Procedure 32(f). It uses proportionally spaced 12-point Century Schoolbook type and contains no footnotes.

Signature: ______________________ Date: 9/3/2026

Joseph Nolan
2909 South 52nd Street, Milwaukee, WI 53219
414-639-0736 | Jnolan5@wi.rr.com

Signature: ______________________ Date: ______________

Justin Gavery
730 North Plankinton Avenue, Unit C4, Milwaukee, WI 53203
408-858-4527 | justin_gavery@yahoo.com

Signature: ______________________ Date: ______________

Peter Bernegger
1806 Brynnwood Trace, New London, WI 54961
920-551-0510 | pmbmap123@gmail.com

## CIRCUIT RULE 30(D) STATEMENT

Pursuant to Circuit Rule 30(d), each of the undersigned Appellants certifies that all materials required by Circuit Rule 30(a) and Circuit Rule 30(b) are included in the Required Short Appendix bound with this brief. The appendix contains the Decision and Order granting the motion to dismiss (R.46, at A-16 through A-27) and the Judgment (R.47, at A-28), together with the Notice of Removal (R.1, at A-10), selected portions of the original state-court Complaint (R.1-2 at 4, 14–18, at A-4 through A-9), the Decision and Order establishing the Second Amended Complaint as the controlling pleading (R.32, at A-12 through A-14), and the caption page of the Second Amended Complaint (R.33 at 1, at A-15).

Date: 09-03-26 Signature: [signature]

Peter Bernegger

Date: 09-03-2026 Signature: [signature]

Justin Gavery

## CIRCUIT RULE 30(D) STATEMENT

Pursuant to Circuit Rule 30(d), each of the undersigned Appellants certifies that all materials required by Circuit Rule 30(a) and Circuit Rule 30(b) are included in the Required Short Appendix bound with this brief. The appendix contains the Decision and Order granting the motion to dismiss (R.46, at A-16 through A-27) and the Judgment (R.47, at A-28), together with the Notice of Removal (R.1, at A-10), selected portions of the original state-court Complaint (R.1-2 at 4, 14–18, at A-4 through A-9), the Decision and Order establishing the Second Amended Complaint as the controlling pleading (R.32, at A-12 through A-14), and the caption page of the Second Amended Complaint (R.33 at 1, at A-15).

Date: ____________________ Signature: ________________________________

Peter Bernegger

Date: ____________________ Signature: ________________________________

Justin Gavery

Date: 9/3/2026 Signature: [signature]

Joseph Nolan

Date: ____________________ Signature: ____________________________________

Joseph Nolan

## CERTIFICATE OF SERVICE

I certify that on Sept. 3rd, 2026, I served the foregoing Brief of Plaintiffs-Appellants and the required short appendix on all counsel of record by Fedex with tracking. To:

Clint B. Muche
Assistant City Attorney
Email: cmuch@milwaukee.gov
841 N. Broadway, Room 716
Milwaukee, WI 53202

Tyler M. Helsel
Assistant City Attorney
Email: tyhels@milwaukee.gov
841 N. Broadway, Room 716
Milwaukee, WI 53202

Signature of serving Appellant: ____________________________________

Printed name: Peter Bernegger

No. 26-2723

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

JUSTIN GAVERY, JOSEPH NOLAN, and PETER BERNEGGER,
*Plaintiffs-Appellants,*

v.

DOUGLAS HAAG, TERRELL MARTIN, PATRICIA RUIZ-CANTU, KATHRYN Z. BLOCK, CITY OF MILWAUKEE, and PAULINA GUTIERREZ,
*Defendants-Appellees.*

Appeal from the United States District Court for the Eastern District of Wisconsin
Case No. 2:25-cv-01970-WCG, The Honorable William C. Griesbach

**REQUIRED SHORT APPENDIX UNDER CIRCUIT RULE 30**

**TABLE OF CONTENTS**


| | |
|---|---|
| Relevant docket entries | A-2 |
| Circuit Rule 30(d) certification | A-3 |
| Original state-court Complaint, selected excerpts (Dkt. 1-2 at 4, 14–18; filed Nov. 24, 2025) | A-4 |
| Notice of Removal (Dkt. 1; filed Dec. 15, 2025) | A-10 |
| Decision and Order granting leave to file the Second Amended Complaint (Dkt. 32; May 15, 2026) | A-12 |
| Second Amended Complaint, caption page (Dkt. 33 at 1; May 15, 2026) | A-15 |
| Decision and Order granting motion to dismiss (Dkt. 46; Aug. 7, 2026) | A-16 |
| Judgment in a Civil Case (Dkt. 47; Aug. 7, 2026) | A-28 |

## RELEVANT DOCKET ENTRIES

United States Court of Appeals for the Seventh Circuit, No. 26-2723; United States District Court for the Eastern District of Wisconsin, No. 2:25-cv-01970-WCG. The entries below identify the record materials most directly relevant to the disposition issue presented on appeal.

| Dkt. | Filed | Description | Appendix |
|---|---|---|---|
| 1 | 12/15/25 | Notice of Removal by Douglas Haag | A-10 |
| 1-2 | 12/15/25 | State-court materials attached to Notice of Removal; selected Complaint excerpts reproduced | A-4 |
| 32 | 05/15/26 | Decision and Order granting leave to file Second Amended Complaint | A-12 |
| 33 | 05/15/26 | Second Amended Complaint filed as controlling pleading; caption page reproduced | A-15 |
| 34 | 05/28/26 | Motion to Dismiss Second Amended Complaint | — |
| 40 | 06/29/26 | Reply in support of motion to dismiss | — |
| 45 | 08/07/26 | Plaintiffs' limited surreply | — |
| 46 | 08/07/26 | Decision and Order granting motion to dismiss | A-16 |
| 47 | 08/07/26 | Judgment dismissing action without prejudice for lack of standing | A-28 |
| 48 | 08/21/26 | Joint Notice of Appeal | — |
| 51 | 08/24/26 | Seventh Circuit Notice of Docketing, Appeal No. 26-2723 | — |

The selected Complaint pages reproduced at A-4 through A-9 are Dkt. 1-2 at 4 and 14–18, the caption and the original federal constitutional counts cited in the Brief of Plaintiffs-Appellants.

## CIRCUIT RULE 30(d) CERTIFICATION

Pursuant to Circuit Rule 30(d), each undersigned Appellant certifies that all materials required by Circuit Rule 30(a) and Circuit Rule 30(b) are included in this appendix. The appendix contains the Decision and Order under review (Dkt. 46), the separate Judgment (Dkt. 47), the Decision and Order establishing the controlling pleading (Dkt. 32), the Notice of Removal (Dkt. 1), selected portions of the original state-court Complaint attached at Dkt. 1-2, and the caption page of the Second Amended Complaint (Dkt. 33 at 1).

Date: ____________________ Signature:

________________________________________

Joseph Nolan, pro se

Date: ____________________ Signature:

________________________________________

Justin Gavery, pro se

Date: ____________________ Signature:

________________________________________

Peter Bernegger, pro se

FILED
11-24-2025
Clerk of Circuit Court
Waukesha County
2025CV002250

STATE OF WISCONSIN CIRCUIT COURT WAUKESHA COUNTY

ANNETTE KUGLITSCH
316 E Wabash Ave
Waukesha, WI 53186,

PETER BERNEGGER
1806 Brynnwood Trace
New London, WI 54961,

Plaintiffs,

v.

Case No. ____________
Code: 30703
JURY TRIAL DEMANDED

DOUGLAS HAAG,
5015 S 14th St Apt 4
Milwaukee, WI 53221,
in his individual capacity,

Defendant.

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF (42 U.S.C. § 1983 – FIRST AND FOURTEENTH AMENDMENTS)**

## I. INTRODUCTION

1. This civil rights action under 42 U.S.C. § 1983 seeks damages and equitable relief for violations of Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution.
2. The case arises from Defendant Douglas Haag's conduct as a Commissioner of the City of Milwaukee Election Commission when he:

   a. Deliberately refused to meaningfully review Plaintiffs' June 7, 2024 voter registration

54. Those ballots from address-invalid or moved registrations were counted in the same election and in the same contests in which Plaintiffs' lawful votes were cast. By increasing the pool of counted ballots with votes that should not have been lawfully cast or counted, Defendant's conduct diluted the relative weight of Plaintiffs' valid votes, causing them concrete, particularized injury in the November 5, 2024 election.

VI. CLAIMS FOR RELIEF

COUNT I – EQUAL PROTECTION (VOTE DILUTION AND ARBITRARY TREATMENT)

42 U.S.C. § 1983 – Fourteenth Amendment

55. Plaintiffs reallege and incorporate paragraphs 1 through 44 as though fully set forth here.

56. The Fourteenth Amendment guarantees Plaintiffs the equal protection of the laws and protects their right to have their votes counted without being arbitrarily diluted by the unlawful retention of large numbers of ineligible or address-invalid registrations on the voter rolls.

57. Acting under color of state law, Defendant Haag knowingly refused to review Plaintiffs' USPS-based evidence, falsely labeled it inaccurate in a public setting, and voted to deny remediation in order to maintain tens of thousands of suspect registrations on Milwaukee's voter registration list immediately prior to the November 5, 2024 election.

58. Defendant's actions were arbitrary and irrational. No legitimate governmental interest is served by deliberately refusing to examine credible evidence of registration irregularities, falsely discrediting that evidence, and then denying any corrective action.

59. Defendant's conduct caused and substantially contributed to vote dilution that concretely injured Plaintiffs in the November 5, 2024 election by:

a. Maintaining inflated rolls that could be used for unlawful voting or misallocation of resources; and

b. Undermining the equal weight and integrity of Plaintiffs' lawful votes compared to the total pool of recorded votes.

60. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiffs' federal rights.

61. As a direct and proximate result of Defendant's conduct, Plaintiffs suffered damages, including but not limited to the dilution of their votes, loss of confidence in the integrity of the electoral process, and emotional distress arising from the government's arbitrary treatment of their petition.

62. Defendant Haag is liable to Plaintiffs under 42 U.S.C. § 1983 for compensatory damages, declaratory relief, and appropriate forward-looking injunctive relief.

COUNT II – FIRST AMENDMENT RETALIATION

42 U.S.C. § 1983 – First Amendment

61. Plaintiffs reallege and incorporate paragraphs 1 through 52 as though fully set forth here.

62. Plaintiffs engaged in protected activity when they:

a. Petitioned the City of Milwaukee Election Commission by submitting their June 7, 2024 TITAN Workbook and cover letter; and

b. Participated in the October 30, 2024 public meeting to explain and advocate for remediation of the voter rolls.

63. Plaintiffs' activities are core First Amendment petitioning and speech, directed at improving election integrity and compliance with law.

64. In response to Plaintiffs' protected activity, Defendant Haag took adverse actions, including:

a. Publicly disparaging Plaintiffs' submission as inaccurate, wrong, or flawed without having reviewed the evidence;

b. Voting to deny remediation and to proceed with unremediated voter rolls; and

c. Using his official position to send a message that citizen-initiated data-driven challenges will be ignored and publicly discredited.

64. Defendant's actions were taken because of Plaintiffs' protected petitioning and speech. But for Plaintiffs' efforts to present their data and press for action, Defendant's specific disparaging statements and his willful refusal to review the data would not have occurred.

65. Defendant's actions caused Plaintiffs harm, including vote dilution, reputational injury (by casting their data and work in a false negative light), and emotional distress, and would chill a person of ordinary firmness from engaging in similar protected activity.

66. Defendant's conduct lacked any legitimate governmental justification and was undertaken in bad faith.

67. Defendant is liable to Plaintiffs under 42 U.S.C. § 1983 for compensatory and, in his individual capacity, punitive damages, as well as declaratory and injunctive relief.

COUNT III – PROCEDURAL DUE PROCESS

42 U.S.C. § 1983 – Fourteenth Amendment

68. Plaintiffs reallege and incorporate paragraphs 1 through 60 as though fully set forth here.

69. Wisconsin's list-maintenance and challenge statutes, in conjunction with HAVA's list-maintenance requirements, create a protected interest in having properly submitted, evidence-based challenges meaningfully considered on the merits by the municipal clerk or board of election commissioners.

70. Once Plaintiffs submitted their June 7, 2024 challenge, accompanied by detailed USPS-based data, they had a legitimate expectation that MEC and its Commissioners, including Defendant Haag, would review that evidence in good faith and render a decision based on actual evaluation rather than pretext.

71. Procedural due process requires that when the state creates such a statutory process, the government must provide at least:

a. A genuine opportunity to be heard;

b. Good-faith consideration of the evidence presented; and

c. A decision that is not based on knowingly false premises or sham deliberation.

72. Defendant Haag deprived Plaintiffs of procedural due process by:

a. Deliberately refusing to review or examine the TITAN Workbook or the underlying USPS data;

b. Participating in a brief "recess" that was represented as a time for evidence review and deliberation but, in fact. was not used for those purposes;

c. Returning to the public meeting and asserting, falsely and without evidentiary basis, that

Case 2025CV002250 Document 3 Filed 11-24-2025 Page 15 of 17

Plaintiffs' data was inaccurate or flawed; and

d. Voting to deny remediation on a predetermined and pretextual basis.

73. The October 30, 2024 proceeding was a sham. Plaintiffs were given a façade of process but no actual meaningful review of their evidence.

74. A direct and proximate result of Defendant Haag's actions, Plaintiffs were deprived of their protected interest in a fair and meaningful list-maintenance challenge process, and suffered concrete harms including vote dilution, denial of procedural protections, reputational injury, and emotional distress.

75. Defendant Haag is liable to Plaintiffs under 42 U.S.C. § 1983 for compensatory damages, nominal damages to reflect the violation of their Due Process rights, and appropriate declaratory and injunctive relief.

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant Haag and grant the following relief:

A. A declaration that Defendant Haag's actions described above violated Plaintiffs' rights under the First and Fourteenth Amendments, including equal protection, procedural due process, and freedom from retaliation.

B. A declaration that the October 30, 2024 handling of Plaintiffs' June 7, 2024 challenge was constitutionally inadequate and constituted a sham proceeding.

C. Compensatory damages in an amount to be determined at trial for vote dilution, denial of procedural protections, reputational injury, and emotional distress.

D. Nominal damages to reflect the violation of Plaintiffs' constitutional rights even apart from any specific monetary loss.

FILED
12-15-2025
Clerk of Circuit Court
Waukesha County
2025CV002250

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

ANNETTE KUGLITSCH
and
PETER BERNEGGER,

Plaintiffs,

v. Case No.:
Circuit Court Case No.: 2025CV2250

DOUGLAS HAAG,

Defendant.

---

**NOTICE OF REMOVAL**

---

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN

Defendant, Douglas Haag, by EVAN C. GOYKE, City Attorney, by Assistant City Attorneys Tyler M. Helsel and Jordan M. Schettle, pursuant to 28 U.S.C. §1446, hereby remove the above-captioned action from state court to this court, based upon the following grounds:

1. The above-captioned action was filed in the Circuit Court for Waukesha County, State of Wisconsin, Milwaukee County Case No. 2025CV2250, and is now pending in that court. Process, consisting of a summons and complaint, was served upon the Defendant on November 25, 2025.

2. The action is a civil action which includes allegations against Defendants of violations of the United States Constitution for which Plaintiffs seek redress under 42 U.S.C. §1983, and for which this Court has original jurisdiction under 28 U.S.C. §1331.

3. Defendant is entitled to remove the above-captioned action from the state court to this Court pursuant to 28 U.S.C. §1446(a).

4. A copy of all process and pleadings served upon Douglas Haag are attached and filed herewith as **Exhibit 1**.

5. The date of service is within 30 days of the makings of this petition.

WHEREFORE, the petitioners pray that the above-described action, now pending against the City of Milwaukee in the Circuit Court for Milwaukee County, Wisconsin, be removed therefrom to this court.

Dated at Milwaukee, Wisconsin this 15th day of December, 2025.

EVAN C. GOYKE
Milwaukee City Attorney

*s/Tyler M. Helsel*
Tyler M. Helsel
Assistant City Attorney
State Bar No. 1103366
*s/Jordan M. Schettle*
Jordan M. Schettle
State Bar No. 1104571
*Attorneys for Defendant*

P.O. ADDRESS
200 East Wells Street
Room 800
Milwaukee, WI 53202
Phone: (414) 286-2601
Fax: (414) 286-8550
Email: tyhels@milwaukee.gov
Email: jschet@milwaukee.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETER BERNEGGER,
JUSTIN GAVERY, and
JOE NOLAN,

Plaintiffs,

v. Case No. 25-C-1970

DOUGLAS HAAG,
TERRELL MARTIN,
PATRICIA RUIZ-CANTU,
KATHRYN Z. BLOCK, and
CITY OF MILWAUKEE,

Defendants.

**DECISION AND ORDER GRANTING [25] PLAINTIFFS' MOTION TO AMEND AND DENYING AS MOOT [20] DEFENDANTS' SECOND MOTION TO DISMISS**

Plaintiffs Peter Bernegger, Justin Gavery, and Joe Nolan brought this action against Defendants City of Milwaukee and members of the Milwaukee Election Commission. Plaintiffs assert claims for violations of procedural due process under the Fourteenth Amendment; retaliation and a violation of the right to petition under the First Amendment; conspiracy to deprive civil rights under 42 U.S.C. §§ 1983 and 1986; and municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

Defendants filed a motion to dismiss the complaint on February 2, 2026. Dkt. No. 11. Rather than file a response to Defendants' motion, Plaintiffs filed a first amended complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a). Dkt. No. 15. On March 9, 2026, Defendants filed a motion to dismiss Plaintiffs' amended complaint. Dkt. No. 20. The day

Plaintiffs' response to the motion to dismiss was due, Plaintiffs filed a motion for leave to file a second amended complaint. Dkt. No. 25.

After the opportunity to amend the pleadings as a matter of course has passed, a party may amend a complaint only with the consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a). Generally, motions to amend pleadings are treated favorably under Rule 15's liberal amendment policy. *Id.* Leave to amend should be "freely given," absent considerations such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs assert that the second amended complaint does not add new claims but simply clarifies the factual bases for the existing claims.

Defendants oppose the motion to amend, arguing that the proposed amendment would be futile. An amendment is futile if the amended pleading would not survive a motion to dismiss. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014). But "[u]nless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015) (internal quotation marks and citation omitted); *see also Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008).

At this stage, the court is not certain that any amendment would be futile. Given Rule 15's liberal amendment policy, the court finds that Defendants' arguments regarding the inadequacy of Plaintiffs' allegations are better suited for consideration in the context of a motion to dismiss. In other words, while Defendants are free to raise these arguments on a motion to dismiss, or at a later point in the litigation, the court declines to resolve these issues now without the benefit of

thorough briefing directed toward the issue. Accordingly, the court will grant Plaintiffs' motion to amend. The court cautions, however, that future motions to amend will not be looked upon favorably absent a showing of extraordinary cause. *See Gunawardana v. Am. Veterinary Med. Assoc.*, No. 21-1330, 2021 WL 4951697, at *4 (7th Cir. Oct. 25, 2021) ("Such 'cat and mouse game[s] of motions to dismiss followed by a motion to amend,' need not be allowed." (quoting *Thompson v. Ill. Dep't of Pro. Regul.*, 300 F.3d 750, 759 (7th Cir. 2002))). Because the court grants the motion to amend, Defendants' motion to dismiss is denied as moot. *See Lim v. Central DuPage Hosp.*, 972 F.2d 758, 762 (7th Cir. 1992) (noting trial judge's denial of pending motion to dismiss as moot in light of amended complaint); *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) ("When an amended complaint is filed, the prior pleading is withdrawn and the amended pleading is controlling.").

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for leave to file a second amended complaint (Dkt. No. 25) is **GRANTED**. The Clerk is directed to detach and e-file the second amended complaint (Dkt. No. 25-1).

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (Dkt. No. 20) is **DENIED as moot**.

Dated at Green Bay, Wisconsin this 14th day of May, 2026.

William C. Griesbach
United States District Judge

WCG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JUSTIN GAVERY, JOSEPH NOLAN, and PETER BERNEGGER,

Plaintiffs,

v.

CITY OF MILWAUKEE; DOUGLAS HAAG, in his individual and official capacities; TERRELL MARTIN, in his individual and official capacities; PATRICIA RUIZ-CANTU, in her individual and official capacities; PAULINA GUTIERREZ, in her individual and official capacities; and KATHRYN Z. BLOCK, in her individual capacity,

Defendants.

Case No. 2:25-cv-01970-WCG

JURY TRIAL DEMANDED

**SECOND AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983**

## I. NATURE OF THE ACTION

1. This is a civil-rights action under 42 U.S.C. § 1983 seeking compensatory damages, punitive damages, declaratory relief, and injunctive relief for violations of the First and Fourteenth Amendments to the United States Constitution.

2. This Complaint pleads federal constitutional violations under the procedural Due Process Clause, the First Amendment right to petition, and the Equal Protection Clause. None of the Counts depends on a finding that Wis. Stat. § 6.50 creates a privately enforceable cause of action. Plaintiffs' theory is that, once Defendants convened formal governmental adjudicatory proceedings

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**PETER BERNEGGER,**
**JUSTIN GAVERY, and**
**JOSEPH NOLAN,**

**Plaintiffs,**

**v.** **Case No. 25-C-1970**

**DOUGLAS HAAG,**
**TERRELL MARTIN,**
**PATRICIA RUIZ-CANTU,**
**KATHRYN Z. BLOCK,**
**CITY OF MILWAUKEE, and**
**PAULINA GUTIERREZ,**

**Defendants.**

---

**DECISION AND ORDER GRANTING MOTION TO DISMISS**

---

Three Wisconsin residents (Peter Bernegger, Justin Gavery, and Joseph Nolan) commenced this *pro se* action under 42 U.S.C. § 1983 against the City of Milwaukee, members of the Milwaukee Election Commission (MEC) (Douglas Haag, Terrell Martin, and Patricia Ruiz-Cantu), the Executive Director of the MEC (Paulina Gutierrez), and the Assistant Milwaukee City Attorney tasked with advising the MEC (Kathryn Block), for violating their constitutional rights. In their Second Amended Complaint (SAC), Plaintiffs allege that on several separate occasions, Gavery and Nolan appeared before the MEC and presented evidence supplied by Bernegger that the City of Milwaukee voter registration list includes a substantial number of voter registrations with "address validity defects." Plaintiffs allege Defendants refused to consider their evidence and, instead, discredited it, and denied Plaintiffs' challenge to the registrations. Plaintiffs assert claims for deprivation of due process, retaliation against First Amendment rights, equal protection violations, *Monell* liability, and civil conspiracy. The case is before the Court on Defendants'

motion to dismiss Plaintiffs' SAC for failure to state a claim. Dkt. No. 34. For the reasons that follow, Defendants' motion will be granted and the case will be dismissed.

**BACKGROUND**

Plaintiffs are residents of Wisconsin who voted in the November 5, 2024, general federal election. SAC ¶¶ 25, 29, 33, Dkt. No. 33. Gavery and Nolan are registered to vote in the City of Milwaukee, and Bernegger is registered to vote in Waupaca County. *Id.* ¶¶ 24, 28, 32. On multiple occasions between March 27, 2024, and March 26, 2025, one or more of the plaintiffs appeared in hearings before the MEC to present evidence challenging the City's voter registration lists. *Id.* ¶¶ 4–6. Bernegger is the developer of "the TITAN system," which the SAC describes as the "proprietary methodology" that cross-validates voter-registration data against United States Postal Service databases: Coding Accuracy Support System (CASS), Delivery Point Validation (DPV) system, and National Change of Address (NCOA) system. *Id.* ¶ 33. It was Bernegger's TITAN system that was used to generate "the evidentiary workbooks at the center of this case." *Id.*

According to the SAC, Bernegger's "TITAN workbook analyzed 271,962 active City of Milwaukee voter registrations and identified more than 56,000 with address-validity defects, including approximately 35,699 NCOA permanent movers, 6,187 confirmed out-of-state permanent movers, 4,907 confirmed out-of-county permanent movers, 5,080 registrations at USPS-designated vacant addresses, registrations with DPV-N or blank DPV indicators, and registrations at commercial or USPS facility locations." *Id.* ¶ 66. Plaintiffs allege they later refined their challenge to focus on 4,878 active Milwaukee registrations of voters who had voted in the November 5, 2024, election and showed one or more address-validity defects. *Id.* ¶ 69. Plaintiffs allege that, at each of the three hearings, Defendants summarily denied their challenges and publicly discredited Plaintiffs' submissions without reviewing them. *Id.* ¶ 7. To place Plaintiffs'

allegations in context, it will be helpful to describe the statutory framework governing elections in Wisconsin.

Under Wisconsin law, each municipal clerk has charge and supervision of elections and registration of voters in the municipality. Wis. Stat. § 7.15. For election law purposes, "'[m]unicipality' means city, town or village," and "'[m]unicipal clerk' means the city clerk, town clerk, village clerk and the executive director of the city election commission and their authorized representatives." Wis. Stat. § 5.02(10)–(11). Because of its substantial population, the City of Milwaukee has a municipal board of election commissioners, the MEC. Wis. Stat. § 7.20. The MEC or its executive director have all the powers and duties assigned to the municipal or county clerk unless otherwise statutorily retained or assigned. Wis. Stat. § 7.21.

Section 6.48 sets out the general procedure for challenging the registration of a voter or, in the language of the statute, an elector. Section 6.48(1)(a) authorizes "any registered elector of a municipality" to "challenge the registration of any other registered elector" by submitting to the municipal clerk or, in Milwaukee, the executive director of the MEC, "an affidavit stating that the elector is not qualified to vote and the reasons therefor." Upon receipt of such an affidavit, the clerk or director is required to mail a notification of the challenge to the challenged voter, at his or her registered address. The challenged and challenger voters are then required to appear before the clerk or, in Milwaukee, before the MEC. The procedure before the MEC is as follows:

> Upon appearing in person, objectors shall be examined, under oath, by the commissioners and testimony taken. Judgment rests with the board of election commissioners and decisions shall be rendered as soon as heard. All cases are heard and decided summarily. The commissioners shall determine whether the person objected to is qualified. If they determine that a person is not qualified, the executive director of the board of election commissioners shall change the elector from eligible to ineligible status on the registration list and shall notify the proper ward officials of the change immediately.

Wis. Stat. § 6.48(2)(b).

In addition to allowing individual voters to challenge registrations, Wisconsin sets out a separate procedure for periodic revisions of voter registration lists. Wis. Stat. § 6.50. That section authorizes any municipal governing body to "direct the municipal clerk or board of election commissioners to arrange with the U.S. postal service pursuant to applicable federal regulations, to receive change of address information with respect to individuals residing within the municipality for revision of the elector registration list." Wis. Stat. § 6.50(8). It also provides:

> Upon receipt of reliable information that a registered elector has changed his or her residence to a location outside of the municipality, the municipal clerk or board of election commissioners shall notify the elector by mailing a notice by 1st class mail to the elector's registration address stating the source of the information.

Wis. Stat. § 6.50(3). The statute further provides that the clerk or board is to change the voter's registration to ineligible status "if the elector no longer resides in the municipality or fails to apply for continuation of registration within 30 days of the date the notice is mailed." *Id.*

The SAC alleges Gavery and Nolan appeared before the MEC on March 27, 2024, to submit Bernegger's materials challenging voter registration lists to then-Executive Director Claire Woodall-Vogg. *Id.* ¶ 59. Director Woodall-Vogg informed Gavery on April 16, 2024, that she anticipated beginning review of the submitted materials in May 2024. *Id.* ¶ 60. Plaintiffs claim that "no meaningful review" of the submitted materials occurred. *Id.* ¶ 61. On June 7, 2024, Plaintiffs, along with other individuals, submitted materials challenging voter registration lists to Director Gutierrez (who had succeeded former Director Woodall-Vogg) and Commissioners Martin, Ruiz-Cantu, and Haag. *Id.* ¶ 63. Plaintiffs allege that Director Gutierrez and the three commissioners "took no action" between June 7, 2024, and October 30, 2024. *Id.* ¶ 68.

Plaintiffs allege that at the October 30, 2024, hearing, Commissioner Martin read aloud the full text of Wis. Stat. § 6.48(2) before Plaintiffs had a chance to present their evidence and state their position that § 6.50(8), not § 6.48(2), was the appropriate provision by which to evaluate their

evidence. *Id.* ¶ 81. Attorney Block then stated that § 6.48 imposed a burden of proof beyond a reasonable doubt on parties seeking to challenge voter registration. *Id.* ¶ 83. Nolan argued that § 6.50(8) authorized the use of USPS data and removed the beyond-a-reasonable-doubt standard of proof. *Id.* ¶ 84. Attorney Block replied that Plaintiffs nonetheless retained the burden of proof. *Id.* Plaintiffs allege that Commissioners Martin and Ruiz-Cantu, Director Gutierrez, and Attorney Block "discredited or dismissed Plaintiffs' evidence without meaningful review." *Id.* ¶ 85.

On November 4, 2024, Bernegger submitted his materials regarding voter registration lists to Director Gutierrez and to the MEC. *Id.* Plaintiffs allege that Gutierrez "held independent authority to act on" the data but that she nonetheless "took no action." *Id.* ¶¶ 87–88. As had occurred in the October 30 hearing, Plaintiffs allege that Commissioner Martin read § 6.48, Nolan argued that § 6.50(8) applied, and Attorney Block replied that the burden nonetheless remained with Plaintiffs. *Id.* ¶¶ 92–93. Plaintiffs allege that Commissioners Martin and Ruiz-Cantu, Director Gutierrez, and Attorney Block "again discredited or dismissed Plaintiffs' evidence without reviewing the underlying data and without asking substantive questions" about the methodology employed to compile the submitted materials. *Id.* ¶ 94. Commissioners Martin and Haag stated that they did not anticipate that the MEC had enough evidence to move forward at that time. *Id.* ¶ 95.

The Commissioners and Attorney Block then retired to a closed session. *Id.* ¶ 99. After emerging from the session, the Commissioners voted unanimously to deny Plaintiffs' challenge, saying that they had not met their evidentiary burden under § 6.48. *Id.* ¶ 107. Plaintiffs allege that shortly after the hearing, Commissioner Haag spoke privately with some of the plaintiffs and told them that the Commissioners, Director Gutierrez, and Attorney Block had not reviewed the submitted evidence and had not intended to review it. *Id.* ¶ 109.

## LEGAL STANDARD

Defendants move to dismiss Plaintiffs' SAC under Fed. R. Civ. P. 12(b)(6). Dkt. No. 34. A Rule 12(b)(6) motion tests the sufficiency of the complaint to state a claim upon which relief can be granted. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). While a plaintiff does not need to plead "detailed factual allegations[,] . . . a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court "construe[s] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the plaintiff's favor." *Chi. Tchrs. Union, Loc. 1 v. Educators for Excellence, Inc.*, 159 F.4th 524, 528 (7th Cir. 2025) (citation omitted). "[T]o defeat a motion to dismiss, a plaintiff must allege 'only enough facts to state a claim to relief that is plausible on its face.'" *Orr v. Shicker*, 147 F.4th 734, 740 (7th Cir. 2025), *reh'g denied*, No. 24-1171, 2025 WL 3060301 (7th Cir. Oct. 31, 2025) (quoting *Twombly*, 550 U.S. at 570). The complaint must state a claim for relief that is "plausible on its face," although it need not be probable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a court accepts all factual allegations as true, it need not accept as true a "legal conclusion couched as a factual allegation." *Id.*

## ANALYSIS

Although Defendants have brought a motion to dismiss for failure to state a claim under Rule 12(b)(6) rather than for lack of subject matter jurisdiction under Rule 12(b)(1), the Court must first determine whether Plaintiffs have standing. *See Steel Co. v. Citizens for a Better Env't*,

523 U.S. 83, 101 (1998); *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009) ("[I]t is well established that the court has an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties."). "When a plaintiff lacks standing, a federal court lacks jurisdiction." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021) (citation omitted). Standing to sue is "a bedrock constitutional requirement." *United States v. Texas*, 599 U.S. 670, 675 (2023).

"To establish Article III standing, plaintiffs must show they suffered an 'injury in fact' that was 'caused by the defendant and redressable by the court.'" *Wis. Voter All. v. Millis*, 166 F.4th 627, 632 (7th Cir. 2026) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). The injury in fact must be "concrete and particularized." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). "Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion*, 594 U.S. at 417. The level of support required for standing at each stage of the litigation corresponds to that required for "any other matter on which the plaintiff bears the burden of proof." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Although a court lacking jurisdiction cannot generally rule on the merits, "a ruling that the court lacks subject-matter jurisdiction may simultaneously be a judgment on the merits." *Brownback v. King*, 592 U.S. 209, 218 (2021).

The allegation that there may be people voting in Milwaukee who do not live there raises a serious question of election integrity. Votes cast by ineligible voters dilute and cancel out votes by those who are properly registered. It is presumably to guard against this danger that Wisconsin enacted § 6.48, which authorizes any voter to challenge the registration of any other voter, and § 6.50, which provides for the periodic revision of voter registration lists. But those are state laws that set out procedures to be followed by local authorities and enforced in state courts. In addition

to these state statutes, Congress enacted the Help America Vote Act of 2002 (HAVA), 52 U.S.C. § 20901 *et seq.*, in the aftermath of the controversies surrounding the 2000 presidential election, which, among other purposes, sought "to establish minimum election administration standards for States and units of local government with responsibility for the administration of federal elections . . . ." Pub. L. No. 107-252, 116 Stat. 1666 (2002). But HAVA does not create any implied right of action for private litigants. *Millis*, 166 F.4th at 634.

Moreover, Plaintiffs expressly disclaim they are seeking in this action to enforce any right under § 6.48. Indeed, Plaintiffs allege that Defendants violated their rights by invoking § 6.48 in rejecting their claims. *See* SAC ¶ 58 ("By recasting Plaintiffs' submissions as § 6.48 matters, Defendants ensured application of a framework designed for individualized challenges to a bulk list-maintenance submission, thereby guaranteeing denial regardless of the quality of the evidence."). Instead, Plaintiffs allege that § 6.50 provides the standard by which their proffered evidence should have been assessed and the procedure that governed it. *Id.* ¶¶ 65, 67. At the same time, Plaintiffs deny that they have asserted any "§ 6.50 private right, no right to a particular outcome, and no HAVA cause of action." Pls.' Resp. at 4, Dkt. No. 38. Plaintiffs' argument, though difficult to follow, appears to be that the manner in which the Milwaukee election officials addressed, or failed to address, the evidence they attempted to offer by itself constitutes a violation of their constitutional rights.

Gavery and Nolan allege that they have standing because of their "direct, personal injury from the proceedings themselves." SAC ¶¶ 26, 31. They argue that they had "a concrete and particularized right not to be subjected to sham proceedings." *Id.* Bernegger alleges "his standing rests on three independent constitutional theories, each of which is separately sufficient to confer Article III standing." *Id.* ¶ 35. First, he alleges that he has standing under HAVA because the evidence he submitted to the MEC for review invoked provisions of HAVA, which, according to

Bernegger, creates a "federal petitioning right." *Id.* ¶ 36. Second, he argues that he has standing under Wis. Stat. § 6.50(3) because that provision "imposes no Milwaukee residency requirement" on persons challenging elector registrations. *Id.* ¶ 37. Finally, he argues that Defendants "publicly characterized [his] work product as inaccurate, wrong, flawed, and unreliable without ever reviewing it," thereby causing him "a direct, personal, professional, and reputational injury." *Id.* ¶ 38.

None of these allegations is sufficient to support a finding that Plaintiffs have standing to sue in federal court. First, Plaintiffs' allegation that they have "a concrete and particularized right not to be subjected to sham proceedings" amounts to nothing more than a complaint about the procedure before the MEC. "[D]eprivation of a procedural right," without showing "some concrete interest that is affected by the deprivation," does not establish Article III standing. *Summers*, 555 U.S. at 496. In rejecting a similar argument, the Seventh Circuit explained in *Millis*:

> To the extent the plaintiffs think the Commissioners denied access to something tangible (a "response" on the merits of their specific complaint), they merely redefine procedural concerns as substantive. The Supreme Court narrowly constrains the tangible injury category to "physical or monetary" harms. Without proof of financial losses or bodily harm, plaintiffs must allege intangible injuries that pass muster under the Supreme Court's historical analog test.

166 F.4th at 633 (internal citation omitted). Plaintiffs have alleged no such harm.

Plaintiffs nevertheless argue they have a "claim under 42 U.S.C. § 1983, for the destruction of a state-created adjudicatory process" under *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982). In *Logan*, the plaintiff's unlawful discharge claim under Illinois' Fair Employment Act was dismissed when the state agency required to conduct initial factfinding failed to conduct the hearing within the statutory time limit through no fault of the plaintiff. *Id.* at 426–27. The Court held that the plaintiff had a state-created property interest in his claim that his employment was unlawfully terminated because of his physical handicap. *Id.* at 430. After all, the Court noted, the plaintiff's fair employment claim, "which presumably can be surrendered for value, is at least as

substantial as the right to an education labeled as property in *Goss v. Lopez*, [419 U.S. 565 (1975)]."

In *Shvartsman v. Apfel*, the court held that viability of due process claims such as that at issue in *Logan* depends not in the procedures themselves, but in the "underlying legal claims, which are the true property interests." 138 F.3d 1196, 1199 (7th Cir. 1998); *see also Summers*, 555 U.S. at 496 ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient to create Article III standing."). *Logan*, therefore, has no application here because Plaintiffs have failed to identify any constitutionally protected liberty or property interest.

Plaintiffs, or at least Bernegger, also suggest that the characterization of Bernegger's evidentiary materials as "inaccurate, wrong, flawed, and unreliable in formal public proceedings before third parties, without reviewing it" created a "stigma" that, together with the denial of a hearing, deprived them of the kind of liberty or property interest recognized by the Court in *Paul v. Davis*, 424 U.S. 693 (1976). In *Paul v. Davis*, the Court rejected the plaintiff's claim that the local police chief's distribution of a flier listing his name as an active shoplifter, by itself, deprived him of a liberty or property interest without due process of law. *Id.* at 701. Defamation alone, the Court held, does not constitute a denial of due process. *Id.* at 702. Instead, defamation, plus a resulting change in the legal status of the plaintiff, so-called "stigma-plus," is required to state a due process claim. *Hinkle v. White*, 793 F.3d 764, 768 (7th Cir. 2015).

*Paul v. Davis* has no application here. Not only have Plaintiffs failed to allege any change in their legal status (the plus), they haven't even alleged the defamation (the stigma). The allegation that the defendant election officials found their evidence "inaccurate, wrong, flawed, and unreliable" is not defamatory to Plaintiffs and creates no stigma. It is the natural conclusion that any adjudicatory body draws when it performs its duty of assessing the evidence presented by

the parties and rules against the party with the burden of proof. Even if it could be viewed as some sort of stigma, Plaintiffs have failed to allege any change in their legal status accompanying it.

As noted above, the allegation that there are people voting in Milwaukee who do not live there, if true, poses a serious problem for election integrity. Loss of confidence in our elections can seriously damage the country. This loss of confidence constitutes an injury to the public, and the representatives of the public, whether state or federal, have the authority and duty to protect the public from such injuries. Individual voters, such as Plaintiffs, however, do not have Article III standing to sue in federal court to correct such problems, absent a specific harm. The Seventh Circuit held as much in *Bost v. Illinois State Board of Elections*, 114 F.4th 634 (7th Cir. 2024), *reversed on other grounds*, 607 U.S. 71 (2026).

In *Bost*, a group of voters and candidates challenged a state law requiring election officials to count ballots received after the day of the election as long as they were postmarked on or before the day of the election or if they were accompanied by a certification signed and dated within the same timeframe. *Id.* at 638. In affirming the district court's decision dismissing the action, the court rejected the plaintiffs' argument that they had standing as voters. In so ruling, the court explained:

> even if we were to accept Plaintiffs' premise that inclusion of these ballots would cause vote dilution, their votes would be diluted in the same way that every other vote cast in Illinois prior to Election Day would be diluted. Thus, to the extent Plaintiffs would suffer any injury, it would be in a generalized manner and not "personal and individual" to Plaintiffs, as the Supreme Court requires.

*Id.* at 640 (quoting *Spokeo*, 578 U.S. at 339). The same is true here. Any injury Plaintiffs as voters suffer as a result of non-residents voting in Milwaukee elections is the same as any other voter. They therefore lack standing to sue in federal court.

None of the authorities cited by Plaintiffs support their argument that the initiation of an adjudicatory process by a governmental agency creates a protected liberty or property interest in

the adjudication absent an underlying entitlement grounded in state law. Furthermore, even if Plaintiffs could establish that a constitutional violation had occurred, that in itself would not be sufficient to confer standing. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 482 (1982) ("[T]he Art. III requirements of standing are not satisfied by 'the abstract injury in nonobservance of the Constitution asserted by . . . citizens.'"). Since the Court concludes that Plaintiffs have not established the existence of a protected interest at the first step of the due process inquiry, there is no need to proceed to the second step. Plaintiffs thus have no standing to bring a claim for violation of due process under § 1983. They similarly lack standing as to their claims for retaliation and equal protection.

## CONCLUSION

Since Plaintiffs have failed to allege an injury in fact regarding their claims for violation of due process, retaliation, and violation of equal protection, there is no need to address Plaintiffs' claims regarding qualified immunity, *Monell* liability, or civil conspiracy, since all of these claims presuppose a constitutional violation.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss Plaintiffs' Second Amended Complaint (Dkt. No. 34) is **GRANTED**. Plaintiffs' claims are dismissed without prejudice for lack of standing. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 7th day of August, 2026.

William C. Griesbach
United States District Judge

# United States District Court
EASTERN DISTRICT OF WISCONSIN

**PETER BERNEGGER,**
**JUSTIN GAVERY, and**
**JOSEPH NOLAN,**

**Plaintiffs,**

**v.**

**JUDGMENT IN A CIVIL CASE**
**Case No. 25-C-1970**

**DOUGLAS HAAG,**
**TERRELL MARTIN,**
**PATRICIA RUIZ-CANTU,**
**KATHRYN Z. BLOCK,**
**CITY OF MILWAUKEE, and**
**PAULINA GUTIERREZ,**

**Defendants.**

---

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came before the Court for consideration.

**IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiffs take nothing, and this action is DISMISSED without prejudice for lack of standing.

Dated: August 7, 2026

LINDA M. KLEMM
CLERK OF COURT

s/ Kyle W. Frederickson
(By) Deputy Clerk